## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

| | |
|---|---|
| IN RE: )<br>   ANDREA FUGATE )<br>                     DEBTOR )<br>) | CASE NO. 13B31039<br><br>JUDGE JACK B. SCHMETTERER |
| ANDREA FUGATE )<br>               PLAINTIFF )<br>V. )<br>)<br>BENEFICIAL FINANCIAL I, INC. )<br>               DEFENDANT )<br>) | ADVERSARY NO. 13A01117 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon review of the record including Plaintiff's Complaint, Summons, and Motion for Default and Default Judgment, along with all exhibits and other attachments, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The Plaintiff is the Debtor in the underlying Bankruptcy Case.

2. Defendant Beneficial Financial I, Inc. is a lender and or services of mortgages and a Creditor of the Plaintiff.

3. The Plaintiff is the owner of a parcel of real estate (hereinafter "the real estate") used as her principal place of residence commonly known as 320 153rd Street, Calumet City, IL 60409 and legally described as follows:

> LOT 37 AND THE WEST 1/4 OF LOT 38 IN BLOCK 3 IN QUEALY'S SUBDIVISION OF THE SOUTH 1/2 OF THE NORTH 1/2 OF THE SOUTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 8, TOWNSHIP 36 NORTH, RANGE 15, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PIN: 30-08-321-035-0000

4. Urban Partnership Bank holds a first mortgage lien on the real estate in the amount of $93,910.00.

5. Defendant Benefician Fiancial I, Inc. holds a Junior Mortgage on the Plaintiff's real estate, in the amount of $15,136.18.

6. Based upon a recent appraisal the fair market value of the real estate is $22,000.

7. The balance due on the first mortgage ($93,910) exceeds the value of the real estate ($22,000).

## CONCLUSIONS OF LAW

8. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and §1334.

9. This matter constitutes a core proceeding.

10. As a result of the finding of Paragraph 7, there is no equity to support Beneficial Financial I, Inc.'s secured claim and any claim of Beneficial Financial I, Inc. based upon a second mortgage on the real estate is completely unsecured.

11. Thus, pursuant to 11 U.S.C. §1322, Beneficial Financial I, Inc.'s second mortgage is not an allowed secured claim and, as a result, Beneficial Financial I, Inc.'s second mortgage lien is void. See In re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In re Pond, 2001 U.S. App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir. 2000); Bartee vs. Tara Colony Homeowners Assoc., 212 F.3d 277 (5th Cir. 2000).

_____
Judge: Jack B. Schmetterer

OCT 10 2013

10/10/13

Daniel B. Roth
115 S. LaSalle Street, Suite 2600
Chicago, Illinois 60603
*773-727-2140*
dan@danielrothesq.com